UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Denice Curtis,

    Plaintiff,

v.                                                                          Case No. 12-11199

Target Corporation and                                  Honorable Sean F. Cox
Kellermeyer Building Services, LLC,

    Defendants.
_____/

**OPINION & ORDER**
**DENYING DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT**

In this premises liability and negligence case, which was removed from state court, Plaintiff Denice Curtis alleges that she slipped and fell inside one of Target Corporation's retail stores. Defendant Kellermeyer Building Services, LLC was contractually bound to perform janitorial services at that store. Following the close of discovery, Defendants filed a joint Motion for Summary Judgment.

Defendants argue that Plaintiff's negligence claims fail because neither Defendant breached any duty owed to Plaintiff. Defendants further argue that Plaintiff cannot prove the cause of her fall beyond mere speculation. Additionally, Defendants contend that Plaintiff's premises liability claims fail because neither Defendant caused the hazard nor had actual or constructive knowledge of the hazard that caused Plaintiff's fall.

First, this Court dismisses with prejudice Plaintiff's negligence count against Defendant Target Corporation because, under the facts presented here, Plaintiff cannot pursue both negligence and premises liability causes of action against Target. This Court also dismisses with prejudice

Plaintiff's premises liability count against Defendant Kellermeyer Building Services because, as a matter of law, it cannot be held liable under a premises liability theory in this case.

Finally, for the reasons set forth below, this Court DENIES Defendants' motion as to Plaintiff's premises liability claim against Target Corporation, and DENIES Defendants' motion as to Plaintiff's negligence claim against Kellermeyer Building Services, LLC.

## BACKGROUND

Plaintiff Denice Curtis ("Plaintiff") alleges that she sustained physical injuries when she slipped and fell inside one of Target Corporation's stores ("Target") in Dearborn, Michigan on January 7, 2011.  Plaintiff filed suit against Target on January 19, 2012, alleging two claims sounding in ordinary negligence and premises liability.

Target removed the matter to this Court based on diversity jurisdiction.  Thereafter, this Court granted Plaintiff leave to file an amended complaint to name Target's janitorial service provider, Kellermeyer Building Services, LLC ("KBS"), as an additional Defendant.  Plaintiff's Amended Complaint asserts both ordinary negligence and premises liability claims against both Target and KBS.

On May 10, 2013, after the close of discovery, Defendants filed this joint Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

## EVIDENCE

Plaintiff testified that on January 7, 2011 at about 9:50 a.m., she and her son Deontae Curtis went to the Target store in Dearborn, Michigan to purchase some DVDs.  As she entered the store, Plaintiff saw no "wet floor" signs and did not notice any water on the floor:

Q:     Okay.  As you walked into the store did you see any wet-floor signs out on

>    the floor?
>
> A:   No.
>
> Q:   Did you see any wet floor signs at all?
>
> A:   No.
>
>    . . . .
>
> Q:   Okay. Before you fell did you see any water on the floor at all?
>
> A:   No.

(Pl.'s Dep. at 38, 46, attached to Defs.' Motion as Exhibit A).

As Plaintiff and her son approached the area between the registers and the children's clothing, Plaintiff's foot slipped forward and she fell to the ground. (Pl.'s Dep. at 40). Plaintiff testified that she did not see any Target employees near her when she fell. (Pl.'s Dep. at 49). Plaintiff's testimony is corroborated by Target surveillance video. (*See* Target Surveillance DVD, attached to Defs.' Motion).

Both before and after she fell, Plaintiff was unable to see the substance on the ground that caused her to fall. However, Plaintiff testified that as she touched the ground in an attempt to push herself back up, the floor felt slippery and she could feel a gluey, pasty substance on her hands:

> Q:   Okay. After you fell did you see anything on the floor?
>
> A:   No.
>
> Q:   Okay. Did you – when your clothes – did your clothes get wet at all?
>
> A:   No.
>
>    . . . .
>
> Q:   Okay. When you were there on the floor did you notice anything that was

> hurting you right at that time?
>
> A: I just know the floor was – when I went to – you know how you brace yourself to get up, it was slippery.
>
> Q: Okay. And how was it slippery?
>
> A: Oh, it was like – it was slippery like from a shine slippery.
>
> Q: Oh, okay. Did you feel any substance in your hands?
>
> A: When I tried to get up, you know how your hands, you can feel it trying to brace yourself to get up again?
>
> Q: All right.
>
> A: Then I finally got up and went to customer service.
>
> Q: All right. And did you feel anything on your hands at all?
>
> A: Kind of gluey, kind of pasty like.
>
> Q: Okay. So do you think it was water or do you think it was something else?
>
> A: I know it wasn't water because it wasn't wet.
>
> . . .
>
> Q: All right. Did [the substance] have any color to it?
>
> A: No.

(Pl.'s Dep. at 46, 47-48). When Plaintiff stood up, she could see "at a distance" that a cleaning crew was buffing the floor down the aisle in which she fell:

> Q: . . . Did you see a cleaning crew in the area?
>
> A: Yes.
>
> Q: Okay. What color shirts do they have?
>
> A: White.

4

> Q: Okay. And the Target people are wearing the red, right?
>
> A: Yes.
>
> Q: With that little nametag?
>
> A: Yes.
>
> Q: Okay. See any guys with blue shirts on?
>
> A: No.
>
> Q: Okay. About how far was the cleaning crew when you were looking?
>
> A: They were down in the direction I was going in to get my – my videos from.
>
> Q: Oh, okay. So as you're walking the aisle they were further down the aisle?
>
> A: Yes.
>
> Q: Okay. Were they coming towards you or were they going away from you?
>
> A: They was [sic] going away.

(Pl.'s Dep. at 45-46). The incident report prepared by a Target employee after Plaintiff's fall also states that a "cleaning crew was using buffer in the area." (Incident Report, attached to Defs.' Motion as Ex. B). Furthermore, "[a]fter [Plaintiff] fell the cleaning crew grabbed a sign that said 'Caution' to put up." (Defs.' Mo. at Ex. B). Plaintiff's deposition testimony echoes the facts contained in the Incident Report:

> Q: All right. All right. And then it has guest's description of the incident. He wrote down here walking in the store and next thing I knew I slipped and fell. After I fell the cleaning crew grabbed a sign that said caution – quote/unquote, caution, to put up. Do you remember telling him about that?
>
> A: Yeah, because when I was waiting for him that's when the guy came down there and put the sign out.
>
> Q: Oh, okay. Is that the same fellow you saw earlier?

5

> A: Yes.
>
> Q: And with the white shirt on, not the red?
>
> A: All white.
>
> Q: Okay. Did you see him doing anything else besides putting a caution sign up?
>
> A: No, I just seen [sic] him put that down and I don't know what else he was doing.
>
> Q: All right. And whereabouts did he put that sign up?
>
> A: It was in the same spot where I had fell at.

(Pl.'s Dep. at 58).

Plaintiff alleges that, as a result of her fall at Target, she suffered serious injuries to her wrist, shoulder, neck, back, and ankle. (Pl.'s Resp. at 3).

## **ANALYSIS**

Because this Court sits in diversity, the substantive law of Michigan governs the claims in this case. *See, e.g., Schare v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 2031958 at *2 (E.D. Mich. 2012).

In Michigan, premises liability flows from the ownership, possession, or control of the land at issue. *Laier v. Kitchen*, 266 Mich. App. 482, 493 (2005). To succeed in a premises liability action, a plaintiff must prove: 1) that the defendant owed the plaintiff a duty; 2) that the defendant breached that duty; 3) that the defendant's breach caused the plaintiff's harm, and 4) that the plaintiff suffered damages. *Hunley v. DuPont Automotive*, 341 F.3d 491, 496 (6th Cir. 2003).

Although premises liability and negligence claims share the same legal elements, they are distinguishable based on the pleadings. If the plaintiff alleges harm caused solely by a *condition of*

*the land*, the claim falls exclusively under premises liability. *James v. Alberts*, 626 N.W.2d 158, 162 (Mich. 2001); *Kachudas v. Invaders Self Auto Wash, Inc.*, 486 Mich. 913, 914 (2010). On the other hand, if the plaintiff alleges harm caused by the *conduct of a landowner* unrelated to the land, the action is more properly characterized as ordinary negligence. *Kessler v. Visteon*, 448 F.3d 326, 331 (6th Cir. 2006)("it is clear that ordinary negligence and premises liability describe two distinct theories of negligence liability: one flows from actions, the other from possession."); *see also Gatrall v. Macy's Retail Holdings, LLC*, 2011 WL 4434809 (E.D. Mich. 2011).

The distinction between premises liability and negligence actions becomes important in determining the proper duty. For the purposes of premises liability, the landowner's duty depends on the status of the injured party. *Taylor v. Laban*, 241 Mich.App. 449, 425, 616 N.W.2d 229 (2000), *citing Doran v. Combs*, 135 Mich.App. 492, 495, 354 N.W.2d 804 (1984). Michigan utilizes three categories: invitees, licensees, and trespassers. *Kessler*, 448 F.3d at 336-37. An invitee is an individual who enters the land of another for a commercial purpose. *Cote v. Lowe's Home Ctr., Inc.*, 896 F.Supp.2d 637, 644 (E.D. Mich. 2012).

The parties agree that Plaintiff was an invitee on Target's premises on the day she fell. A storekeeper, like Target, has a duty to keep his or her premises reasonably safe for customers' use. *Serinto v. Borman Food Stores*, 380 Mich. 637, 640-41 (1968). The storekeeper-landowner must also warn the invitee of any known dangers existing on the premises. *James*, 626 N.W.2d at 162-63, *citing Stitt v. Holland Abundant Life Fellowship*, 462 Mich. 591, 596-597 (2000).

To prevail against a storekeeper for negligent premises maintenance or failure to warn, a plaintiff must show that the storekeeper either caused the dangerous condition or had actual or constructive knowledge of its existence. *Serinto*, 380 Mich. at 640-41. Absent concrete proof,

knowledge can be inferred if the condition was of such a character, or existed for a period of time, such that the storekeeper should have discovered it in the exercise of reasonable care. *Id*; *see also Kroll v. Katz,* 374 Mich. 364, 372, 132 N.W.2d 27, 31 (1965).

I.     **Plaintiff's Negligence Claim Against Defendant Target Corporation**

In Plaintiff's Amended Complaint, Plaintiff pleaded two distinct counts against Target Corporation: negligence, and premises liability.

However, this Court is not bound by the labels that Plaintiff attaches to its claims. *Buhalis v. Trinity Continuing Care Services*, 296 Mich.App. 685, 691-92 (2012). Rather, the substance of a claim is determined by looking at the complaint as a whole. *Id.*

This Court dismisses with prejudice Plaintiff's negligence claim against Target because Plaintiff's allegations only support a *prima facie* premises liability claim against Target. When a plaintiff alleges injury by a condition of the land, his or her claim sounds *exclusively* in premises liability. *James,* 626 N.W.2d at 162.

Plaintiff claims that an unreasonably slippery floor caused her to fall. An unreasonably slippery floor is clearly a "condition of the land." Plaintiff does not allege that Target committed any misconduct distinct from its duties as owner and possessor of the property. Therefore, Plaintiff's allegations do not support separate negligence and premises liability actions against Target and the negligence action is DISMISSED WITH PREJUDICE. *Buhalis,* 296 Mich.App. 685, 692 (2012)(holding that trial court erred in not dismissing an ordinary negligence claim when it was indistinguishable from plaintiff's common law premises liability claim.).

II.    **Target's Motion For Summary Judgment On The Premises Liability Claim**

Business owners do not have an absolute, unqualified duty to ensure the safety of invitees

on their premises. *Cote*, 896 F.Supp.2d at 644 (*quoting Conerly v. Liptzen,* 199 N.W.2d 833, 836 (1972).). Michigan law makes clear that a business owner is liable for only those dangerous conditions caused by his own negligence, or of which he had actual or constructive knowledge. *Id.* Constructive knowledge of a dangerous condition imparts a duty on the business owner to warn invitees of that dangerous condition. *James*, 626 N.W.2d at 162-63.

"Constructive notice arises not only from the passage of time itself, but also from the type of condition involved, or from a combination of the two elements." *Katz*, 374 Mich. at 372. "Generally, the question of whether a defect has existed a sufficient length of time and under circumstances that the defendant is deemed to have notice is a question of fact, and not a question of law." *Jackson v. Target Corporation*, Slip Copy, 2013 WL 3771354 at *5 (E.D. Mich 2013), *citing Banks v. Exxon Mobil Corp*, 477 Mich. 983, 984, 725 NW2d 455 (2007); *see also Katz*, 374 Mich. at 371.

Plaintiff does not allege that Target caused the dangerous condition on which she fell. Plaintiff does not know how long the dangerous condition existed before she fell. Rather, Plaintiff claims Target failed to place "caution" or "wet floor" signs in the aisles even though Target knew, or should have known, that cleaning and/or buffing could cause the floor to become dangerously slick. Target replies that it did not have any notice of the dangerous condition.

    **A.**    **A genuine issue of material fact exists as to whether Target had constructive notice of the dangerous condition.**

A genuine issue of material fact exists as to whether Target had constructive notice that its floor was, or could become, dangerously slippery by virtue of it having been recently cleaned and/or buffed. Plaintiff testified, and Target states in its Incident Report, that cleaning crews were buffing

the floors in the area where Plaintiff fell. (Pl.'s Dep. at 45-46; Defs.'Mo. at Ex. B). Plaintiff testified that, in the area where she fell, the floor felt "slippery" and that she felt a "gluey," "pasty" substance. (Pl.'s Dep. at 48). While Target argues that it simply did not have any notice of the condition, Plaintiff has come forth with enough evidence to support her constructive notice allegation. It would be reasonable to conclude that Target should have known its floor could be dangerously slippery since it had been recently cleaned and/or buffed. Thus, Plaintiff has established a genuine issue of fact as to whether Target had constructive notice that a hazardous condition existed on its premises.

**B.    A genuine issue of material fact exists as to whether Target's negligence caused Plaintiff's injuries.**

As part of her *prima facie* case, Plaintiff must set forth evidence showing that her injuries resulted from, i.e. were caused by, Defendant's breach of duty. Proof of causation requires proof of both cause in fact and legal, or proximate, cause. *Skinner v. Square D Co.*, 445 Mich. 153, 162-63, 516 N.W.2d 475 (1994). Proximate cause "normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Id.* A plaintiff's proof of causation can be circumstantial, but it must support reasonable inferences rather than mere speculation. *Id.*

Plaintiff alleges that Target neglected its duty to warn by failing to place wet floor signs or caution signs where the floor had been treated. A landowner's duty to warn of hidden or latent dangers serves as notice to a person that he or she must protect himself or herself from those dangers. *See Laier*, 266 Mich. App. 482, 487, 489 (noting that the converse is true – that "there is no obligation to warn someone of dangers that are so obvious and apparent that a person may reasonably

be expected to discover them and *protect himself or herself*.")(emphasis added).

Target argues that Plaintiff has no evidence that establishes proximate cause. Plaintiff responds, and this Court agrees, that the evidence supports Plaintiff's theory of the case regarding proximate cause. It is reasonable to infer that if Target had warned Plaintiff of the potentially slippery floor, Plaintiff would have known to avoid the hazard or exercise extra care, and this might have prevented her injury. Indeed, the duty to warn exists for that exact purpose. Furthermore, it is foreseeable that an unsuspecting invitee could fall on a slippery spot on the floor of which he or she had not been warned.

Target argues, in the alternative, that Plaintiff was on notice that the floors were being buffed because she saw the cleaning crews buffing the floor. (Defs.' Mo. at ¶ 19). Essentially, Target argues that Plaintiff was comparatively negligent because she saw the cleaning crew prior to falling but failed to exercise caution in traversing the aisle. In support of its argument, Target relies on *Bisceglia v. Cunningham Drug Stores,* 350 Mich. 159 (1957). In *Bisceglia*, plaintiff saw a grocery store employee mopping the floor, walked onto the area of the floor that had been mopped, and slipped and fell. Target cites *Bisceglia* for the proposition that Defendant's floor cleaning, when perceived by a plaintiff, served as a warning to plaintiff of a potentially dangerous condition. (Defs.' Mo. at 16).

*Bisceglia* is distinguishable on the facts. In *Bisceglia*, the plaintiff saw that the floor was being mopped and fell concurrently. In the present case, Plaintiff appears to be arguing that she saw the cleaning crew only *after* she fell. (*See* Pl.'s Resp. at 3)("Additionally, after falling Plaintiff noticed a cleaning crew facing the location where she fell."). It follows that if Plaintiff saw the cleaning crew only after she fell, she would not have had notice that the floor could be slippery.

Regardless, Defendant is not entitled to summary judgment even if Plaintiff saw the cleaning crew before she fell. "The extent of a plaintiff's fault is a question for the jury." *Alfieri v. Bertolli*, 295 Mich. App. 189, 813 N.W.2d 772, 777 (2012). *Bisceglia* is also distinguishable because, as Target correctly points out, Michigan still recognized pure contributory negligence at the time *Bisceglia* was decided. Therefore, in *Bisceglia*, *any* amount of negligence on part of the plaintiff relieved Defendant of liability. Such is not the case here.

The parties genuinely dispute whether Target proximately caused Plaintiff to fall and sustain injuries. As such, Target is not entitled to summary judgment.

### III. Plaintiff's Premises Liability Claim Against KBS

In Plaintiff's Amended Complaint, Plaintiff pleaded two distinct counts against KBS: negligence, and premises liability. In Michigan, premises liability flows from the ownership, possession, or control of the land at issue. *Laier,* 266 Mich. App. 482, 493. On the contrary, negligence liability flows from the conduct of the alleged tortfeasor. *Kessler*, 448 F.3d 326, 331.

On this basis, Plaintiff cannot sustain a premises liability claim against KBS. Plaintiff has provided no evidence, and indeed has not specifically alleged, that KBS owned, possessed, or controlled the Target store in which Plaintiff fell. Therefore, KBS cannot be held liable for Plaintiff's damages under a premises liability theory. As such, Plaintiff's premises liability count against KBS is DISMISSED WITH PREJUDICE.

### IV. A Genuine Issue Of Material Fact Exists As To Whether KBS Caused Plaintiff's Fall.

KBS argues that it is entitled to summary judgment because Plaintiff cannot prove that KBS created the condition that, in turn, caused Plaintiff to fall. KBS claims that "there is no evidence, and no ability to infer, that either Defendant caused the alleged clear residue . . . ." (Defs.' Mo. at

8). Hence, KBS is essentially arguing that Plaintiff cannot meet its burden to prove causation.

Plaintiff alleges that KBS did breach a duty owed to her because it negligently performed its contractual duties, i.e. cleaning/buffing the floor, and that KBS' negligence created the dangerous condition on which she fell.

This Court agrees with Plaintiff that a genuine dispute of material fact exists as to whether Defendant created the dangerous condition that caused Plaintiff to fall and sustain injuries. In order to prevail against KBS on a negligence claim, Plaintiff must prove duty, breach, causation and damages. *Hunley*, 341 F.3d at 496. The parties agree that KBS can be held liable for the negligent performance of its maintenance contract with Target. *See, e.g., Fultz v. Union-Commerce Assoc.*, 470 Mich. 460, 467-70, 683 N.W.2d 587 (2004)*; see also Cleveland Indians Baseball Company, LP v. New Hampshire Ins. Co.*, 2013 WL 4483519 (6th Cir. 2013)(reiterating that "a contracting party owes a separate and distinct common law duty of care to all those whom the party knew or reasonably should have foreseen would be injured by the party's negligent acts or omissions."). *Id.* at *4.

Under Michigan law, "negligence may be established by circumstantial evidence." *Cote*, 896 F.Supp.2d at 647, *citing Gadde v. Mich. Consol. Gas Col*, 377 Mich. 117, 139 N.W.2d 722, 724 (1966). "[T]he plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Skinner*, 445 Mich. at 164-65. "A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." *Id.* The *Skinner* court further elaborated on the distinction between conjecture and plausibility:

> As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference. There may be 2 or more plausible explanations as to how an event happened or what produced it; yet, if the evidence is without selective application to any 1 of them, they remain conjectures only. On the other hand, if there is evidence which points to any 1 theory of causation, then there is a juridical basis for such determination, notwithstanding the existence of other plausible theories with or without support in the evidence.

*Id.* at 164.

Drawing all reasonable inferences in favor of the Plaintiff, it cannot be said that there is no ability to infer that KBS created the dangerous condition. This Court finds that four key pieces of evidence work together to support Plaintiff's desired inference.

First, Target's own incident report states, and KBS does not deny, that a cleaning crew was using a buffer in the area where Plaintiff fell. (Defs.' Mo. at Ex. B). Plaintiff saw this cleaning crew buffing the floor in the same aisle in which Plaintiff fell, albeit further down the aisle. (Pl.'s Dep. at 46-48).

Next, Plaintiff testified, and Target's incident report also indicates, that a member of the cleaning crew put out a "Caution" sign right after Plaintiff fell. (Pl.'s Dep. at 58; Defs.' Mo. at Ex. B). Based on these facts, it is reasonable to infer that the cleaning crew had probably treated the area where Plaintiff fell sometime earlier that morning.

Finally, and most importantly, the very nature of the substance that caused Plaintiff's fall strongly supports the inference that it was, more likely than not, deposited by the buffing crew rather than by a customer or by happenstance. Defendant argues that another customer could have spilled some liquid or dropped some item on the floor, but Plaintiff testified that the substance was *not wet*. Plaintiff's testimony negates the possibility of it being a liquid spill. Furthermore, Plaintiff testified

14

that the substance was invisible, sticky, gluey and pasty. The fact that the substance was completely clear and invisible to the eye, yet pasty and slippery to the touch, lends itself to the conclusion that, more likely than not, it was excess floor wax or some other clear floor buffing substance. Plaintiff has established a genuine issue of material fact as to whether the substance on the floor was, more likely than not, deposited by the floor cleaning crew.

KBS appears to argue that the Target surveillance video offers an alternate theory of causation in this case. KBS points to an occurrence in the surveillance video just before Plaintiff fell, whereby "a man wearing a blue shirt picks something off of the ground *near* where Plaintiff fell . . . the man in the blue shirt looks at the ground where Plaintiff fell and scraped the area with his shoe." (Defs.' Motion at ¶ 9)(emphasis added). However, close review of this surveillance video footage shows that this "man wearing a blue shirt" does drop something, but not in the precise spot where Plaintiff fell. This footage is not a conclusive rebuttal of Plaintiff's theory of causation. At best, the surveillance video raises yet another fact question.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's negligence count against Defendant Target Corporation is DISMISSED WITH PREJUDICE; Plaintiff's premises liability count against Defendant Kellermeyer Building Services, LLC is DISMISSED WITH PREJUDICE; and Defendants' Motion for Summary Judgment as to the other remaining counts is DENIED.

**IT IS SO ORDERED.**

                                                        S/Sean F. Cox
                                                        Sean F. Cox
                                                        United States District Judge

Dated: October 1, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Denice Curtis,

    Plaintiff,

v.                                               Case No. 12-11199

Target Corporation and             Honorable Sean F. Cox
Kellermeyer Building Services, LLC,

    Defendants.
_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing opinion and order was served upon counsel of record on October 1, 2013, by electronic and/or ordinary mail.

                                            S/Jennifer McCoy
                                            Case Manager